Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Caitlin Baunsgard
Assistant United States Attorney
Post Office Box 1494
Spokane, WA  99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 29, 2023

SEAN F. MCAVOY, CLERK

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>                    v.<br><br>DERRICK ALLEN SAFFORD,<br><br>                              Defendant. | 4:20-CR-6031-SAB-1<br><br>Pretrial Diversion Agreement |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Caitlin Baunsgard, Assistant United States Attorney for the Eastern District of Washington, as well as Defendant, DERRICK ALLEN SAFFORD, and Defendant's counsel, Ben Hernandez, agree to the following Pretrial Diversion Agreement (the "Agreement"):

**I.      Overview**

1.      On October 21, 2020, the United States Attorney's Office for the Eastern District of Washington charged Defendant, DERRICK ALLEN SAFFORD, with Conspiracy to Distribute 100 Grams of Methamphetamine and Heroin, in violation of 21 U.S.C. § 846 (Count 1) as well as three counts of Distribution of a Mixture or Substance Containing Fentanyl (Counts 2-4), each in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).

PRETRIAL DIVERSION AGREEMENT - 1

2.     Defendant stipulates and agrees there is sufficient evidence to support the allegations, and the United States could prove his guilty beyond a reasonable doubt. Defendant wishes to accept responsibility for this conduct. Accordingly, Defendant stipulates and agrees to the following facts, referred to herein as the "Covered Conduct":

a.     The Drug Enforcement Administration ("DEA") was investigating a drug trafficking organization operating in the Eastern District of Washington. In pursuit of that investigation, a confidential informant ("CI") was utilized to conduct controlled purchases of controlled substances from multiple members of the organization, to include Defendant, in the Eastern District of Washington.

b.     The investigation showed several individuals were working together locally, to include Defendant and his named co-defendants. They would travel to Oregon to obtain controlled substances, to include heroin and fentanyl-laced pills, and distribute those substances into the community.

b.     On March 5, 2020, a CI conducted a controlled purchase approximately 27 fentanyl-laced pills directly from Defendant for $375.00. The DEA Laboratory confirmed the pill count and that the pills contained fentanyl.

c.     On March 19, 2020, a CI conducted a controlled purchase approximately 50 fentanyl-laced pills. The CI spoke to Defendant, who arranged the particulars of the transaction. Ultimately, Defendant then dispatched co-defendant Manuel Rosas to deliver the pills. The DEA Laboratory confirmed the pill count and that the pills contained fentanyl.

d.     On April 2, 2020, a CI conducted a controlled purchase approximately 79 fentanyl-laced pills. The CI spoke to Defendant, who arranged the particulars of the transaction; however, told the CI to contact co-defendant Sarah Brewster to finalize the details. The CI did so and went to Defendant's residence to meet Brewster. Once there, the CI, Rosas, and Brewster all discussed taking a trip to

1  Oregon to re-supply with additional controlled substances.  The DEA Laboratory
2  confirmed the pill count and that the pills contained fentanyl.

3      4.      On authority from the Attorney General of the United States, through
4  Vanessa R. Waldref, United States Attorney for the Eastern District of Washington,
5  prosecution in the Eastern District of Washington for the Covered Conduct shall be
6  deferred for 24 months.  This 24-month period begins on the date this Agreement is
7  signed by both parties and accepted by the Court.

8      5.      The United States and Defendant stipulate and agree that the Court will
9  maintain jurisdiction over this matter and that the Court shall be the final arbiter as to:
10  (1) whether a party breached this Agreement, and if so; (2) the appropriate remedy,
11  which may include either terminating the Agreement or modifying its terms.  A
12  modification may include extending the Agreement's 24-month period by an
13  additional 12 months, for a total of 36 months.

14  **II.    Terms**

15      Defendant stipulates and agrees to the following terms:

16      6.      **Supervision.**  Defendant stipulates and agrees to be supervised by the
17  U.S. Probation Office during this 24-month period (or longer, if the period is extended
18  by the Court).  Further, Defendant understands the following:

19          a.      Defendant shall not violate any federal, state, or local law.  This
20  term does not apply to minor civil infractions such as speeding.

21          b.      If Defendant is arrested or has any official contact with law
22  enforcement in a civil or criminal investigative capacity, he shall notify his
23  supervising pretrial diversion officer within two business days.

24          c.      Defendant shall live within the jurisdiction of the Eastern District
25  of Washington.  If Defendant seeks to move outside the District, he shall notify and
26  seek the approval of his supervising pretrial diversion officer so that appropriate
27  arrangements in light of the Agreement can be made.

28

PRETRIAL DIVERSION AGREEMENT - 3

1            d.      Defendant shall maintain employment in a lawful occupation.

2 When out of work, Defendant shall notify his supervising pretrial diversion officer.  In

3 the event that Defendant becomes self-employed, he shall provide evidence of such

4 self-employment.

5            e.      Defendant's employment may consist of guiding for hunting

6 expeditions and may require the Defendant to be in proximity of firearms. Proximity

7 to firearms will not be considered a violation of this agreement, so long as the

8 Defendant is in not in actual possession of a firearm.

9            f.      Defendant shall report to his supervising pretrial diversion officer

10 as directed by the Court or U.S. Probation.  Any failure to abide by the reporting

11 requirements as established by the Court or U.S. Probation shall be deemed as an

12 irrevocable violation of the Agreement.

13      7.    **Tolling.**  Defendant stipulates and agrees to toll the running of all

14 applicable statutes of limitations and any time-based defenses for the Covered

15 Conduct.  This tolling shall run from the date the Agreement is signed by all parties

16 until the Agreement expires or is terminated by the Court.  Defendant stipulates and

17 agrees that the Agreement's tolling provision does not abridge or curtail the applicable

18 statute of limitations in any way, but rather extends the applicable statute of

19 limitations by the period of time that the Agreement is in effect.

20      Defendant further expressly waives indictment and all rights to a speedy trial

21 pursuant to the Sixth Amendment of the United States Constitution, 18 US.C. § 3161,

22 Federal Rule of Criminal Procedure 48(b), and any applicable Local Rules of the

23 United States District Court for the Eastern District of Washington for the period

24 during which this Agreement is in effect.

25      9.    **Breach.**  If the Court, after a hearing, terminates the Agreement based on

26 a breach by Defendant, the United States may resume its prosecution against

27 Defendant as to the charge(s) under investigation, and any additional charges.

28

PRETRIAL DIVERSION AGREEMENT - 4

10.    **Admissibility of the Agreement in Prosecution**.  In the event that the Court terminates the Agreement based on a breach by Defendant, Defendant stipulates and agrees that the Agreement and his admissions contained therein shall be admissible against him at any trial, sentencing, or other related proceeding.

The United States stipulates and agrees to the following:

11.    **Deferred Prosecution and Dismissal.**  The United States stipulates and agrees to defer prosecution of the above-captioned matter for a period of 24 months (or up to 36 months, if the Agreement is extended).  When and if Defendant satisfies all the requirements of the Agreement (including any modifications or extensions), the United States stipulates will, seek dismissal with prejudice of the Indictment filed against Defendant pursuant to this Agreement.  Except in the event of a violation by Defendant of any term of this Agreement, the United States will bring no additional charges against Defendant relating to its conduct as described in the Complaint and the Covered Conduct set forth above.  This agreement does not provide any protection against prosecution for any crimes except as set forth above.  Defendant and the United States understand that the Court must approve deferral under the Speedy Trial Act, in accordance with 18 U.S.C. § 3161(h)(2).  Should the Court declined to defer prosecution for any reason: (1) both the United States and Defendant are released from any obligation imposed upon them by this Agreement; and (2) this Agreement shall be null and void, except for the tolling provisions set forth herein.

**III.    Approvals and Signatures**

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____          8/29/23
Caitlin Baunsgard                   Date
Assistant U.S. Attorney

PRETRIAL DIVERSION AGREEMENT - 5

1

2
       I have read the Agreement and have carefully reviewed and discussed every

3
part of the agreement with my attorney.  I understand and voluntarily enter into this.

4
Furthermore, I have consulted with my attorney about my rights, I understand those

5
rights, and I am satisfied with the representation of my attorney in this case.  I

6
understand the terms and conditions of the Agreement and agree to comply with them.

7

8

9
_____          8-29-2023

10
DERRICK SAFFORD                           Date
Defendant

11

12

13
_____          8-29-2023

14
Ben Hernandez                             Date

15
Attorney for Defendant

16

17
       Approved without passing judgment on the merits or wisdom of this diversion.

18

19
_____          8.29.2023

20
Stanley A. Bastian                        Date
Chief United States District Judge

21

22

23

24

25

26

27

28

PRETRIAL DIVERSION AGREEMENT - 6